**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

EDUARDO ASCENCION-HERNANDEZ,    :
                     Petitioner,    :    No. 26-cv-2286-JMY
                                  :
     vs.    :
                                    :
JAMAL L. JAMISON, Warden of    :
Philadelphia Federal Detention Center, *et al.*    :
               Respondents.    :

## <u>Order</u>

**AND NOW**, this 21st day of April, 2026, upon consideration of the Petition for Writ of Habeas Corpus (Petition, ECF No. 1), the Government's Response in Opposition to the Petition for Writ of Habeas Corpus (ECF No. 4), and the Petitioner's Reply in Support of His Petition (ECF No. 5), it is hereby **ORDERED** that the Petition is **GRANTED** as follows:

1.     Petitioner is not subject to mandatory detention under 8 U.S.C. § 1225(b)(2);

2.     The Government shall **RELEASE** Petitioner from custody immediately and certify compliance with the Court's Order by filing an entry on the docket no later than 5:00 p.m. ET on April 24, 2026;

3.     If the Government chooses to pursue re-detention of Petitioner pursuant to 8 U.S.C. § 1226(a), it must afford him the process due, including but not limited to a bond hearing upon his request, pursuant to 8 C.F.R. §§ 1226.1(c)(8), (d)(1), etc.; and

4.     The Clerk of Court shall mark this case closed.[1]

**IT IS SO ORDERED**.

                                         **BY THE COURT:**

                                     */s/ John Milton Younge*
                                     **Judge John Milton Younge**

---

[1] Petitioner was born in Mexico and alleges that he entered the United States on or about 2012.  (Petition ¶17, ECF No. 1.)  According to Petitioner, he lived with his brothers in Bucks County where he worked in construction and landscaping to support his children who live in Mexico.  (*Id.* ¶¶18-19.)  On December 9, 2025, the Warrington Township Police Department arrested Petitioner for Criminal Mischief.  (Record of Deportable/Inadmissible Alien, Government's Response in Opposition, Exhibit A, ECF No. 4-1; *see also Commonwealth of*

*Pennsylvania v. Eduardo Hernandez*, Criminal Docket No. CP-09-CR-0005492-2025.)  On the same day, ICE lodged a detainer with the Bucks County Correctional Facility, and issued the Petitioner a Notice to Appear, initiating removal proceedings.  (*Id.*; Record of Deportable/Inadmissible Alien, Notice to Appear, Government's Response in Opposition, Exhibit B, ECF No. 4-2.)  On March 30, 2026, Petitioner pled guilty to criminal mischief and was sentenced to confinement for the time served to 11 months and 15 days.  (Record of Deportable/Inadmissible Alien.)  On March 30, 2026, Petitioner was arrested by ICE, placed into removal proceedings, and detained pursuant to 8 U.S.C. § 1225(b)(2)(A).  (Petition ¶ 21; Notice to Appear.)

The Government does not argue that Petitioner's arrest for Criminal Mischief has any influence on his status under 8 U.S.C. § 1225(b) or 8 U.S.C. § 1226(a).  Furthermore, Petitioner was not convicted of an aggravated felony which would subject him to detention under 8 U.S.C. § 1226(c)(1)(C) which reads in relevant part, "The Attorney General shall take into custody any alien who – is deportable [on the basis of conviction for an aggravated felony] for which the alien has been sentence to at term of imprisonment of at least 1 year."  *Id.*  Therefore, the Court will analyze Petitioner's situation without considering his arrest for Criminal Mischief.  *Lopez v. McShane*, No. 26-cv-771, 2026 WL 767779 (E.D. Pa. March 18, 2026) (Petitioner's arrest for aggravated assault after allegedly threatening another person with a handgun did not subject him to detention under the Laken Riley Act because attempt to cause serious bodily injury is not an element under the Laken Riley Act.); *Lario v. Lowe*, No. 25-cv-2345, 2026 WL 579607 (M.D. Pa. March 2, 2026); *Demirel v. Fed. Det. Ctr. Philadelphia*, No. 25-cv-5488, 2025 WL 3218243, *1 (E.D. Pa. Nov. 18, 2025).

The gravamen of Petitioner's claim is that he is not subject to mandatory detention without the opportunity for a bail hearing because he avers that detention under 8 U.S.C. § 1225(b) applies only to non-citizens who are "seeking admission" to the United States, rather than non-citizens who are already in the United States pending the outcome of immigration proceedings.  In support of his position, Petitioner cites to the mandatory detention policy that was recently adopted by ICE in the wake of the Board of Immigration Appeals ("BIA") decision in *Matter of Yajure Hurtado*, 29 I. & N. Dec. 216 (BIA 2025).  (Petition ¶25.)  In the *Matter of Yajure Hurtado*, the BIA issued a precedential decision, binding on all immigration judges ("IJ"), holding that an IJ has no authority to consider bond requests for any person who entered the United States without admission.  *See Matter of Yajure Hurtado*, 29 I. & N. Dec. 216 (BIA 2025).  The Government argues that Petitioner is subject to detention under 8 U.S.C. § 1225(b) and, therefore, ineligible to be released on bond.  (*Id.*)  Petitioner alleges that he is subject to detention if at all under 8 U.S.C. § 1226(a) based on continued residence in the United States.

The Court is unpersuaded by the Government's argument that Petitioner meets the definition of an applicant who is seeking admission to the United States under 8 U.S.C. § 1225(b)(2)(A) who is, therefore, subject to mandatory detention under 8 U.SC. § 1225(b)(2)(A). The Government's position on this issue has been rejected on numerous occasions by federal courts located within the Eastern District of Pennsylvania.  *Ramirez v. Bondi*, No. 26-0522, 2026 WL 321442 (E.D. Pa. Feb 6, 2026); *Vasquez-Rosario v. Noem*, No. 25-cv-7427, 2026 WL 196505 (E.D. Pa. Jan. 26, 2026); *Restrepo v. Jamison*, No. 25-cv-6518, 2026 WL 141803 (E.D. Jan. 20, 2026); *Chavez v. McShane*, No. 25-cv-6968, 2026 WL 120671 (E.D. Pa. Jan 16, 2026); *Muzofirov v. Jamison*, No. 25-cv-7371, 2026 WL 126153 (E.D. Pa. Jan 16, 2026); *Kanaut v. Rose*, No. 24-cv-6869, 2026 WL 36690 (E.D. Pa. Jan 6, 2026).  The Court finds no reason to reiterate our colleagues' thorough and reasoned analyses on this issue.  (*Id.*)  Therefore, it will

adopt the reasoning and logic applied in these prior decisions as if set forth herein, and it will grant Petitioner the requested relief.

This Court finds that Petitioner is not subject to the "Arriving Alien" provision of Section 1225(b)(1)(A)(i) because he is no longer in the process of reaching the United States. Petitioner alleges that he has resided in the United States for around 13 years prior to his arrest. Petitioner further alleges that he had been living with his brothers in Bucks County, and that he had been working in construction and landscaping prior to his arrest. District courts in the Third Circuit and across the country have found that "seeking admission" describes active and ongoing conduct, such as physically attempting to come into the United States at a border or port of entry. *Kashranov v. Jamison*, No. 25-cv-5555, 2025 WL 3188399, *6-8 (E.D. Pa. November 14, 2025); *Del Cid v. Bondi*, No. 25-cv-304, 2025 WL 2985150, *16 n.7 (W.D. Pa. October 23, 2025); *JAM. V. Streeval*, No. 25-cv-342, 2025 WL 3050094, *3 (M.D. Pa. November 1, 2025; *Cantu-Cortes v. O'Neill*, No. 25-cv-6338, 2025 WL 3171639, *2 (E.D. Pa. November 13, 2025) (quoting *Vazquez v. Feeley*, 805 F. Supp. 3d 1112, 1137 (D. Nev. 2025) (finding a noncitizen who has already been residing in the United States cannot be characterized as "seeking entry" consistent with the ordinary meaning of that phrase). This reading comports with the Supreme Court's finding in *Jennings v. Rodriguez*, 583 U.S. 281, 285 (2018) that Section 1225(b) "applies primarily to aliens seeking entry into the United States," those who are "seeking admission into the country." *Soto v. Soto*, No. 25-cv-16200, 807 F. Supp. 3d 397, 408 (N.J.D. October 22, 2025). This reading also preserves a distinction between "seeking admission" and the separate term "applicant for admission," ensuring that each phrase carries independent meaning. *Kashranov*, 2025 WL 3188399, at *6.

Section 1226 of the INA applies to noncitizens who are not seeking admission but are already present in the United States. *Lario v. Lowe*, 2026 WL 579607 (M.D. Pa. March 2, 2026); *Cordero v. Rose,* No. 26-cv-534, ECF No. 5 at 5–6 (E.D. Pa. Jan. 29, 2026) (Marston, J.) (disagreeing with the United States' interpretation of *Q. Li* and concluding that petitioner, who entered the United States more than three years ago, was not an applicant for admission that was actively "seeking admission" within the meaning of § 1225(b)(2)); *Cajas-Duchimaza v. McShane*, No. 26-cv-621, ECF No. 6 (Feb. 3, 2026) (similar); *Gurievi v. Rose*, No. 26-736, ECF No. 6 (Feb. 9, 2026).

The Court finds that Petitioner is not subject to mandatory detention without a bond hearing under 8 U.S.C. § 1225(b). Accordingly, Petitioner's mandatory detention without the opportunity for a bail hearing is unlawful, and he should be released from detention under 8 U.S.C. § 1225(b).